UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYRONE WILLIAM,        )<br>                              )<br>    Petitioner,          )<br>                              )<br>    v.                       )<br>                              )<br>UNITED STATES OF AMERICA, )<br>                              )<br>    Respondent.         )<br>                              ) | Civil Action No.<br>03-40024-FDS |

MEMORANDUM AND ORDER
ON MOTION FOR A CERTIFICATE OF APPEALABILITY

Petitioner Tyrone William was convicted in this court of conspiring to distribute more than 50 grams of cocaine base in the form of crack cocaine, and is currently serving a twenty-year prison sentence. The United States Court of Appeals for the First Circuit affirmed his conviction, and this Court denied his petition for a writ of habeas corpus under 28 U.S.C. § 2255. William now seeks a certificate of appealability ("COA") in order to appeal the denial of his habeas petition. For the reasons that follow, that motion will be granted.

I.      Background

William filed a petition pursuant to 28 U.S.C. § 2255 asserting that his conviction was obtained in violation of his Sixth Amendment right to effective assistance of counsel because: (1) his attorney failed to investigate and introduce evidence of his alibi; (2) his attorney failed to interview or investigate the prosecution's primary witness; (3) his attorney failed to object to the prosecution's alleged vouching for a witness; and (4) his attorney failed to object when he was sentenced based on his distribution of crack cocaine instead of powder cocaine. This Court

considered all of his arguments and denied his petition.

In so doing, this Court held that William's sentence (1) was not imposed in violation of the Constitution, (2) was not imposed by a court that lacked jurisdiction, (3) did not exceed the maximum sentence authorized by statute, or (4) was not otherwise subject to collateral attack. *See David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).  Specifically, this Court found that the performance of William's attorney did not meet the standard for ineffective assistance of counsel established in *Strickland v. Washington*.  466 U.S. 668, 687 (1984).  In other words, William failed to show that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*  He also failed to show that "counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." *Id*.  On January 7, 2010, William filed an application for a COA.

**II.     Discussion**

To appeal the final order in a proceeding instituted under 28 U.S.C. § 2255, the petitioner must first obtain a COA from a circuit justice or a district court.  *See* 28 U.S.C. § 2253(c).  A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  This standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner seeks a COA on the same issues under which he sought relief pursuant to 28 U.S.C. 2255.

On the issue of failure to investigate his claimed alibi, although it is a close call at best, given the magnitude of the sentence and the nature of the claim, the Court will grant a certificate of appealability as to the denial of habeas relief as to the first claim. William contends that he was in Ohio at a time when, the government alleged, he sold drugs to an informant in Worcester. Proof of an alibi for the entire time period in which the crime was committed would have provided evidence that William was not guilty. Even if the alibi covered only a portion of the time in question, it might have given him grounds to impeach the credibility of the government's primary witness against him. It would not be implausible for reasonable jurists to decide that William's attorney should have investigated the legitimacy of his alibi. Reasonable jurists could therefore disagree with this Court's conclusion and likewise could conclude that the issue presented is "adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

The other arguments William presents in support of his ineffective assistance of counsel claim do not, however, merit issuance of a COA.

### III. Conclusion

In accordance with the foregoing, William's application for a certificate of appealability is GRANTED as to his claim that his conviction was obtained in violation of the Sixth Amendment because his attorney failed to investigate his alibi.

**So Ordered**.

                                                       /s/ F. Dennis Saylor  
                                                      F. Dennis Saylor IV  
                                                      United States District Judge

Dated: April 9, 2010